UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

EDWARD D. SAMPERT,

Plaintiff,

v.

CAROLYN W. COLVIN, Commissioner of Social Security,[1]

Defendant.

No. CV-11-00410-CI

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

BEFORE THE COURT are cross-Motions for Summary Judgment. ECF No. 13, 16. Attorney Rebecca M. Coufal represents Edward D. Sampert (Plaintiff); Special Assistant United States Attorney Alexess D. Rea represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 8. After reviewing the administrative record and briefs filed by the parties, the court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

**JURISDICTION**

On September 24, 1992, Plaintiff was found disabled as of July

[1]Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to FED. R. CIV. P. 25(d), Carolyn W. Colvin is substituted for Michael J. Astrue as the Defendant in this suit. No further action need be taken to continue this suit. 42 U.S.C. § 405(g).

1, 1991. Tr. 86-88. On September 22, 2009, a Social Security Administration examiner determined Plaintiff was no longer disabled as of September 1, 2009. Tr. 17; 100; 134-36. Plaintiff's motion for reconsideration was denied. Tr. 17; 101; 137-41. Plaintiff requested a hearing before an administrative law judge (ALJ). Tr. 17; 139-41. A hearing was held on May 4, 2011, at which Medical Expert Ronald M. Klein, Ph.D., Vocational Expert Thomas A. Polsin, Plaintiff's sister Linda Sampert, and Plaintiff, who appeared *pro se*, testified. Tr. 33-78. ALJ Marie Palachuk presided. Tr. 33. The ALJ filed her opinion terminating benefits as of September 1, 2009, on May 20, 2011. Tr. 17-28. The instant matter is before this court pursuant to 42 U.S.C. § 405(g).

**STATEMENT OF THE CASE**

The facts of the case are set forth in detail in the transcript of proceedings and are briefly summarized here. At the hearing, Plaintiff was unrepresented and the ALJ advised him of his right to retain an attorney. Tr. 37-38. Plaintiff indicated that he wanted to proceed without representation. Tr. 38. At the time of the hearing, Plaintiff was 36 years old and living alone in an apartment with a cat. Tr. 57; 60. He dropped out of high school, obtained a GED, and later took classes at Whitworth University and North Idaho College, stopping a few credits short of obtaining a bachelor's degree. Tr. 57-59.

Plaintiff testified that he rarely drives and when he does, he experiences "anxiety attacks." Tr. 59-60. He also testified that it is difficult for him to interact with people. Tr. 63. He explained that he has been able to be around people for a short period of time, for example, at a Renaissance Fair with his sister,

but he then requires several days alone to recover. Tr. 63-64. He testified that he has a sleep disorder that leaves him unable to fall sleep before 3:00 a.m., and he sleeps until noon. Tr. 65-66. Plaintiff said he can go places only if his sister is with him. Tr. 72-73.

Plaintiff was granted SSI benefits in 1992. Tr. 17. He did not seek mental health treatment, or take medication, until September 28, 2009, when he received notice that his SSI was to be terminated. Tr. 465-66. Plaintiff has never held a job, other than briefly working for cash changing the oil in delivery trucks. Tr. 60-61.

**ADMINISTRATIVE DECISION**

The ALJ found that the most recent favorable medical decision finding that Plaintiff is disabled was the September 24, 1992, decision, also known as the comparison point decision[2] ("CPD"). Tr. 18. At the time of the CPD, Plaintiff had the medically determinable impairments of an anxiety-related disorder and a personality disorder that met the Listings 12.06 and 12.08. Tr. 19. The ALJ found that the medical evidence established Plaintiff did not develop additional impairments after the CPD through September 1, 2009. Tr. 19. However, the ALJ noted that no current basis in the record exists to support the personality disorder impairment, and as a result, the ALJ concluded that Plaintiff's current severe impairment was limited to an anxiety-related disorder. Tr. 19.

The ALJ found that since September 1, 2009, Plaintiff does not have an impairment or combination of impairments that meet or

[2] 20 C.F.R. § 404.1594(b)(7).

medically equal a Listing. Tr. 23. The ALJ also found that Plaintiff experienced medical improvement that was related to the ability to work because as of September 1, 2009, Plaintiff no longer had an impairment or combination thereof, that met the same Listing that was met at the time of the CPD. Tr. 23. The ALJ found that beginning on September 1, 2009, the Plaintiff's impairments have continued to be severe in that he has a moderate limitation in maintaining social functioning. Tr. 24. The ALJ concluded that Plaintiff had the Residual Functional Capacity ("RFC") to perform a full range of work at all exertional levels but he was limited in that, "[h]e requires work that does not require interaction with the general public. He is capable of no more than occasional, superficial (i.e., non-cooperative) interaction with coworkers. He has no cognitive limitations but would be limited to unskilled work due to a lack of work experience." Tr. 24. The ALJ found Plaintiff had no past relevant work, and beginning on September 1, 2009, Plaintiff has been able to perform a significant number of jobs in the national economy, such as auto detailer, industrial cleaner, and laundry worker. Tr. 27-28.

**STANDARD OF REVIEW**

In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the court set out the standard of review:

> A district court's order upholding the Commissioner's denial of benefits is reviewed *de novo*. *Harman v. Apfel*, 211 F.3d 1172, 1174 (9th Cir. 2000). The decision of the Commissioner may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S.

> 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).
>
> The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). If substantial evidence exists to support the administrative findings, or if conflicting evidence exists that will support a finding of either disability or non-disability, the Commissioner's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

**CONTINUING DISABILITY REVIEW SEQUENTIAL PROCESS**

During a continuing disability review, the following sequential process is the analytical framework for determining whether benefits will continue: (1) Is the claimant engaging in substantial gainful activity? (2) Is there an impairment or combination of impairments that meets or equals the severity of a listed impairment? (3) If there is no such impairment, has there been medical improvement? (4)

If there has been medical improvement, has there been an increase in the residual functional capacity based on the impairment that was present at the time of the most recent favorable medical determination? (5) If there has been no medical improvement or the medical improvement is not related to an ability to work, then the ALJ must examine the exceptions found in paragraphs (d) and (e) of § 404.1594[3]; (6) If medical improvement is related to ability to do work or if one of the exceptions in (d) applies, then the ALJ must determine whether all the current impairments in combination are severe; (7) If severe impairments are found, then a determination will be made whether the claimant can perform past relevant work; (8) If unable to perform past relevant work, then a determination will be made whether other work can be performed. *See* 20 C.F.R. § 404.1594(f) (explaining the eight-step analytical framework for determining whether a claimant's disability should be terminated).

**ISSUES**

The question presented is whether substantial evidence supports the ALJ's decision that Plaintiff’s disability ended on September 1, 2009, and, if so, whether that decision is based on proper legal

---

[3]Those exceptions under section (d) include advances in medical or vocational therapy or technology, new or improved diagnostic or evaluative techniques indicating the impairment is not as disabling as once thought, or the prior decision was in error, the claimant is engaging in Substantial Gainful Activity. Under section (e), the exceptions include evidence of fraud in obtaining benefits, lack of cooperation by or inability to find the claimant, and failure to follow prescribed treatment.

standards. Plaintiff asserts the ALJ erred by finding he experienced medical improvement and by failing to adequately develop the record. ECF No. 14 at 11-13.

**ANALYSIS**

**A. Medical Improvement**

Payment of Social Security disability benefits may be terminated if substantial evidence demonstrates medical improvement in the recipient's condition and that the individual is able to engage in substantial gainful activity. 42 U.S.C. § 423(f)(1); 20 C.F.R. § 416.994(b).[4] Medical improvement means "any decrease in the medical severity of [the claimant's] impairment(s) which was present at the time of the most recent favorable medical decision that [the claimant was] disabled or continued to be disabled." *Id.* § 416.994(b)(1)(I).

In determining medical improvement, the ALJ compares the recipient's current condition with his condition at a comparison point in the past. The comparison point date ("CPD") is the date of the most recent favorable medical determination. 20 C.F.R. § 404.1594(b)(7). The CPD can be the date the recipient was first

---

[4]Plaintiff contends that Defendant has failed to overcome the presumption that in the absence of evidence to the contrary, Plaintiff's condition remains unchanged, and relies upon *Iida v. Heckler,* 705 F.2d 363 (9th Cir. 1983) and *Patti v. Schweiker,* 669 F.2d 582 (9th Cir. 1982). ECF No. 14 at 11-13. As Defendant points out, statutory amendments have superceded the cases Plaintiff cites. *See* 42 U.S.C. § 1382c(a)(4); *Warren v. Bowen*, 804 F.2d 1120, 1121 (9th Cir. 1986).

found eligible for disability benefits, or it can be a later date if a continuing disability review determined that the recipient was still disabled. The recipient's condition at the CPD is compared with his present condition for improvement in symptoms, signs, and/or laboratory findings. 20 C.F.R. § 404.1594(b)(1).

The CPD reflected that in 1992, Plaintiff established he had two medically determinable impairments: an anxiety-related disorder and a personality disorder. Tr. 19. In this case, the ALJ concluded that Plaintiff experienced medical improvement related to work because as of September 1, 2009, Plaintiff no longer had an impairment or combination thereof, that met a Listing. Tr. 23. The record supports the ALJ’s decision.

First, the record supports the ALJ’s conclusion that no current evidence exists to support a personality disorder impairment for Plaintiff. For example, the Psychiatric Review Technique completed on September 17, 2009, by Sean Mee, Ph.D., indicated Plaintiff had anxiety-related disorders, but no personality disorders. Tr. 426; 431. On September 3, 2009, Robert Capes, Psy.D., examined Plaintiff and diagnosed him with Panic disorder with agoraphobia, and a generalized anxiety disorder. Tr. 459. The testifying medical expert at the hearing, Ronald M. Klein, Ph.D., also opined no evidence existed that Plaintiff had a personality disorder. Tr. 53.

Second, the ALJ’s conclusion that Plaintiff’s current severe impairment, an anxiety-related disorder, had improved and does not meet a Listing is also supported by the record. Tr. 19; 23. The ALJ gave great weight to the testimony of Dr. Klein, who opined that Plaintiff had moderate limitations in social function, no limitation in activities of daily living, concentration, persistence and pace,

and no episodes of decompensation. Tr. 26-27; 53. Similarly, Dr. Mee found that Plaintiff had no functional limitations, except a moderate limitation in difficulties maintaining social function, and that Plaintiff's sole marked limitation was in the ability to interact appropriately with the general public. Tr. 436; 441. Dr. Mee also found Plaintiff moderately limited in the ability to work in coordination with or proximity to others without being distracted by them, and in the ability to get along with coworkers or peers without distracting them or exhibiting behavior extremes. Tr. 440-41. Finally, Dr. Capes reported that Plaintiff scored 30/30 on the Mini-Mental Status Examination (MMSE), noted that Plaintiff had not sought help that could help him learn to control his fears, and opined Plaintiff had little motivation to change. Tr. 458-59.

Plaintiff's 1992 CPD indicated both an anxiety disorder and a personality disorder that were severe impairments and prevented him from sustaining gainful employment. Tr. 86-88. Nineteen years later, the evidence presented indicates Plaintiff's anxiety disorder, while still a severe impairment, poses only moderate limitations upon his ability to maintain gainful employment. The RFC allows for Plaintiff's impairment by limiting him to jobs that do not require interaction with the general public, and only occasional, superficial interaction with co-workers. Tr. 24. Sufficient evidence supports the ALJ's decision that Plaintiff has experienced medical improvement related to his ability to work, and the ALJ did not err in crafting Plaintiff's RFC.

**B. Developing the Record**

Plaintiff contends that the ALJ failed to fully develop the record by failing to obtain Plaintiff's academic records from North

Idaho College and Whitworth University, and by failing to order a consultative psychological examination. ECF No. 14 at 14-15.

**1. Academic Records**

Generally, an ALJ's duty to supplement the record is triggered by ambiguous evidence or when the record is inadequate to properly evaluate the evidence. *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir 2001); *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001). This duty is heightened when a claimant is unrepresented at the proceedings. With a *pro se* claimant, the ALJ must "scrupulously and conscientiously probe into, inquire of, and explore for all relevant facts" and be "especially diligent in ensuring that favorable as well as unfavorable facts and circumstances are elicited." *Vidal v. Harris*, 637 F.2d 710, 713 (9th Cir. 1981) (citing *Cox v. Califano*, 587 F.2d 988, 991 (9th Cir. 1978). In continuing disability proceedings, it is Plaintiff's duty to prove he is still disabled. *Mayes,* 276 F.3d at 461.

Plaintiff's argument that the ALJ should have further developed the record by ordering Plaintiff’s academic records to assist Plaintiff is unpersuasive. Even when a claimant is unrepresented, the ALJ is only required to seek additional evidence if the evidence already present consistently favors the claimant, but is not sufficient to determine the existence of disability. *Lewis v. Apfel*, 236 F.3d 503, 514-15 (9th Cir. 2001). In this case, Plaintiff testified that he was one class away from completing a bachelor’s degree. Tr. 58-59. He stated that he first attended North Idaho College, and then eventually transferred to Whitworth University. Tr. 57-58. Plaintiff suggested that his problems with stress and anxiety caused him to miss, drop and repeat courses. Tr. 55-56.

However, Plaintiff fails to articulate how his academic records, even if they supported his suggestion, would disprove he had experienced medical improvement. According to Plaintiff, despite the difficulty, he was able to earn enough credits to nearly attain a bachelor's degree. Moreover, the evidence did not consistently favor the Plaintiff, and thus the ALJ had no duty to order Plaintiff's academic records.

**2. Consultative Psychological Examination**

Consultative exams are purchased to resolve conflicts or ambiguities "if one exists" and to obtain needed medical evidence not in the file that is "necessary for decision." 20 C.F.R. §§ 404.1519a(a)(2), 416.919a(1)(2). The Commissioner has "broad latitude in ordering a consultative examination." *Reed v. Massanari*, 270 F.3d 838, 840 (9th Cir. 2001) (quoting *Diaz v. Secretary of Health and Human Services*, 898 F.2d 774, 778 (10th Cir. 1990)). The record must contain sufficient objective evidence to suggest the "existence of a condition which could have a material impact on the disability decision." *Hawkins v. Chater*, 113 F.3d 1162, 1167 (10th Cir. 1997).

As discussed above, the record does not establish that Plaintiff suffered from mental impairments that had more than a moderate impact on his work related activities. Moreover, the objective medical evidence suggests the limitations in the RFC are sufficient to ameliorate Plaintiff's limitations.

In sum, the evidence supports the ALJ's conclusion that Plaintiff's mental health has improved. He capably lives alone, has nearly completed a college degree, and when accompanied by his sister, he has participated in fencing, Renaissance Fairs and

exercising in a gym. Tr. 57-61; 69-70; 504; 517. The record before ALJ Palachuk was "neither ambiguous nor inadequate for proper evaluation of the evidence" before her. *Mayes*, 276 F.3d at 460. The evidence in the record is sufficient to support the ALJ's decision. Therefore, remand for a consultative examination is not warranted. 20 C.F.R. § 404.1519a((b); *Mayes*, 276 F.2d at 462.

**CONCLUSION**

Having reviewed the record and the ALJ's findings, the court concludes the ALJ's decision is supported by substantial evidence and is not based on legal error. Accordingly,

**IT IS ORDERED:**

1. Defendant’s Motion for Summary Judgment (**ECF No. 16)** is **GRANTED.**

2. Plaintiff’s Motion for Summary Judgment **(ECF No. 13)** is **DENIED.**

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for **DEFENDANT** and the file shall be **CLOSED.**

DATED May 29, 2013.

S/ CYNTHIA IMBROGNO
UNITED STATES MAGISTRATE JUDGE